The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, AR 72160
Dear Senator Smith:
This is in response to your request for an opinion on the following question:
 When county roads are established, who has the responsibility for naming such roads?
It is my opinion that responsibility in this regard in all likelihood lies, generally, with the county judge.
As explained by the Arkansas Supreme Court with regard to the establishment of county roads:
 County roads, as distinguished from public roads by prescriptive right, may be created in either of three ways. First, the landowners can dedicate the right-of-way to the county. See [A.C.A. §§ 27-66-207
and -208]. . . . Second, a county may condemn and pay for the right-of-way. See [A.C.A. §§ 14-298-101 et seq. and 27-67-212]. . . . Third, the County Judge may enter an order, after notice, declaring a mail route or a school bus route a county road. [A.C.A. §§ 27-66-205 and -206].
Arkansas Game Fish Comm'n v. Lindsey, 292 Ark. 314, 321,730 S.W.2d 474 (1987).
With regard to naming county roads, there appear to be no specific governing statutes. Nor has my research yielded any case law authority directly on point. In the case of county roads created through condemnation action, however, the county court "shall have full power and authority to make and enforce all orders necessary as well for establishing and opening new roads as for changing and vacating any public road or part thereof." A.C.A. § 14-298-101 (1987). The naming of roads would, it seems, reasonably fall within this power and authority to make "all orders necessary . . . for establishing and opening new roads. . . ." The county judge would enter such orders, as he presides over the county court. See A.C.A. § 14-14-1105 (Supp. 1995). See also
A.C.A. § 14-298-120(a)(1)(A) and (a)(3) (1987) (providing that "[t]he county courts shall have power to . . . [o]pen new roads . . ." and "[a]n appropriate order of the county court shall be made and entered of record therefor.")
The county judge's constitutional power and duty, under Amendment 55 to the Arkansas Constitution, to "operate the system of county roads" must also be noted in this regard. Ark. Const. amend. 55, § 3. The General Assembly has determined that the powers of the county judge as enumerated in Section 3 of Amendment 55 "are to be performed by him in an executive capacity and not by order of the county court." A.C.A. § 14-14-1102(a) (1987). Thus, although I have found no clear statutory or judicial authority to this effect, it may be concluded as a general matter that responsibility and authority for naming county roads falls within the county judge's executive powers when it is done in connection with operating the system of county roads. The particular circumstances surrounding establishment of the county road(s) in question may have to be considered in this regard. Generally, however, when rights-of-way are dedicated or when mail routes or school bus routes are designated as county roads (see, respectively, A.C.A. §§ 27-66-207, -208, -205, and -206, and Lindsey, supra), it is my opinion that the naming of such roads probably falls within the county judge's executive power, as established under Ark. Const. amend. 55, § 3.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh